IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE NO. 6:21-cv-01028 |
| LC PAVING & CONSTRUCTION, LLC, LARRY LEE SMITH and COLBI SMITH, | § § § § | |
| Defendants. | § § | |

*Complaint*

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Great American Insurance Company, complains of Defendants, LC Paving & Construction, LLC, Larry Lee Smith and Colbi Smith, and respectfully states:

*Parties, Jurisdiction and Venue*

1. Plaintiff, Great American Insurance Company ("Surety"), is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business located in Cincinnati, Ohio. Surety is authorized to do and is doing business in the State of Texas.

2. Defendant, LC Paving & Construction, LLC ("Principal"), is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 114 LCR 219, Coolidge, Texas 76635. On information and belief, Principal has two members – Defendants, Larry Lee Smith and Colbi Smith – who are citizens and residents of Texas residing in Coolidge, Texas. Principal may be served with process by serving its registered agent for service of process, Larry Lee Smith, at 114 LCR 219, Coolidge, Texas 76635.

3. Defendant, Larry Lee Smith, is and was at all relevant times an individual resident

and citizen of the State of Texas who may be served with process at 114 LCR 219, Coolidge, Texas 76635.

4. Defendant, Colbi Smith, is and was at all relevant times an individual resident and citizen of the State of Texas who may be served with process at 114 LCR 219, Coolidge, Texas 76635.

5. Defendants, Larry Lee Smith and Colbi Smith, are collectively referred to herein as the "Indemnitors."

6. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7. Jurisdiction is proper in this judicial district pursuant to 28 U.S.C. §1332(a)(1). Venue is proper in this judicial district: (i) pursuant to 28 U.S.C. §1391(b)(1) since one or more of the Defendants reside in this judicial district, and/or (ii) pursuant to 28 U.S.C. §1391(b)(2) since a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

***Factual Background***

8. On or about November 20, 2019, Principal and Indemnitors executed and entered into that certain written Agreement of Indemnity in Limestone County, Texas, in favor of Surety (the "IA") to induce Surety to issue contract surety bonds on behalf of Principal so that it could qualify to bid on and be awarded contracts on commercial construction projects in Texas.

9. In ¶SECOND of the IA, Principal and Indemnitors, jointly and severally, agreed to exonerate, indemnify, hold harmless and keep Surety indemnified from and against any and all liability for losses, costs and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which Surety may sustain and incur: (i) by reason of having executed or

procured the execution of surety bonds on behalf of Principal or Indemnitors, (ii) by reason of the failure of Principal and/or Indemnitors to perform or comply with the covenants and conditions of the IA, or (iii) in enforcing any of the terms, covenants or conditions of the IA.

10. In addition, Principal and Indemnitors, jointly and severally, agreed in ¶SECOND of the IA that they would deposit with Surety, upon demand by Surety as soon as liability for any claim arising under such bonds exists <u>or</u> is asserted against Surety, whether or not Surety shall have made any payment therefor, an amount of money determined by Surety for its use to exonerate and indemnify Surety from any liability, loss or expense for which Principal and Indemnitors are obligated to indemnify Surety under the IA.

11. Subsequent to the execution of the GIA, Principal, as general contractor, entered into a Master Agreement for Road Construction Services ("Construction Contract") with the City of Santa Clara, Texas ("City"), as the public owner, in the principal sum of $233,176.00 for the performance of certain construction work on a public improvement project known as the 2020-2021 Santa Clara Loop and Wetz Road Improvements ("Project").

12. At the request of Principal and/or Indemnitors, and induced by and in reliance upon the execution by Principal and Indemnitors of the IA, Surety, as surety, and Principal, as principal, executed and issued to the City, as obligee, a Performance Bond ("Performance Bond") and a Payment Bond ("Payment Bond"), both numbered 3219307, dated August 28, 2020, and in the penal sum of $233,176.00 (collectively, the "Bonds"). The Bonds were executed and issued to guarantee and secure the performance of Principal's obligations to the City under the Construction Contract.

13. On or about September 1, 2021, the City: (i) declared Principal to be in default of, and terminated Principal's right to complete, the Construction Contract, and (ii) demanded that Surety perform its obligations to the City under the terms of the Performance Bond. The City's demand and

claim under the Performance Bond exposes Surety to significant loss and expense under the Performance Bond for which Principal and Indemnitors have agreed to exonerate, indemnify and hold harmless Surety under the terms of the IA.

14. As a result of the City's demand and claim against Surety under the Performance Bond, Surety deemed it necessary to make demand upon Principal and Indemnitors for the deposit of a sum of money in the amount of the penal sum of the Performance Bond of $233,176.00 to be used by Surety as collateral security in accordance with the terms of the IA. On September 2, 2021, Surety made demand upon Principal and Indemnitors in writing for the deposit of collateral security by September 9, 2021, in the amount of the penal sum of the Performance Bond of $233,176.00 ("Initial Collateral Demand"). Despite Defendant, Larry Lee Lewis, advising Surety on September 9, 2021, that Principal and Indemnitors would provide an irrevocable letter of credit in the amount of $233,176.00 in response to the Initial Collateral Demand, Principal and Indemnitors failed to do so.

15. As a result, on September 22, 2021, Surety sent a second, and final, written demand to Principal and Indemnitors for the deposit of collateral security with Surety by September 30, 2021, in the amount of the penal sum of the Performance Bond of $233,176.00 ("Final Collateral Demand"). As of the date of this Complaint, Principal and Indemnitors have failed and refused to comply with the Final Collateral Demand.

16. Furthermore, as a result of the City's demand and claim against Surety under the Performance Bond, Surety has incurred expenses by reason of the failure of Principal and/or Indemnitors to perform or comply with the covenants and conditions of the IA and in enforcing the terms, covenants or conditions of the IA. Moreover, Surety will continue to incur expenses in the future and continues to be exposed to additional future losses under the Performance Bond, for

which Principal and Indemnitors agreed to exonerate, indemnify and hold harmless Surety under the IA.

17. All conditions precedent to Surety's right to recover from Principal and Indemnitors under the IA and/or to specifically enforce the provisions of the IA against them have occurred or have been performed, excused or waived.

### *Count I – Specific Performance of the Collateral Deposit Provision*

18. Surety realleges Paragraphs 1 through 17 above as if set forth in full herein.

19. Principal and Indemnitors have materially breached the IA by failing and refusing to deposit collateral with Surety in the amount of $233,176.00 as demanded by Surety in its Initial and Final Collateral Demands in accordance with ¶SECOND of the IA for Surety's use to exonerate and indemnify Surety from any liability, loss or expense for which Principal and Indemnitors are obligated to indemnify Surety under the IA. This collateral deposit provision is a crucial, bargained-for right for which Surety has no adequate remedy at law and will suffer irreparable injury should Indemnitors fail to perform their promise to Surety. Indeed, Principal and Indemnitors expressly agreed with Surety in ¶SECOND of the IA that:

> [Principal and Indemnitors] acknowledge that [their] failure … to deposit with the Surety, immediately upon demand, the sum demanded by the Surety as payment shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law. [Principal and Indemnitors] agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of [Principal and Indemnitors] under this [IA] including the obligation to pay to the Surety the sum demanded and hereby waive any claims or defenses to the contrary.

20. Accordingly, Surety sues Principal and Indemnitors, jointly and severally, for specific performance of their promise to deposit collateral with Surety upon demand and seeks preliminary and permanent injunctions from this Court compelling Principal and Indemnitors to immediately

*Complaint - Page 5 of 8*

deposit collateral with Surety in the amount of $233,176.00 to be used by Surety per the terms of the IA.

21. Surety is also entitled to an award of its reasonable attorney's fees and costs from Principal and Indemnitors, jointly and severally, to pursue specific performance of this collateral deposit provision per the terms of the IA and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, for which Surety also now sues.

### *Count II – Breach of Indemnity Obligation under GIA*

22. Surety realleges Paragraphs 1 through 21 above as if set forth in full herein.

23. Principal and Indemnitors are jointly and severally liable to Surety under the IA to exonerate, indemnify and hold harmless Surety from and against all losses and expenses Surety incurs and pays under the Bonds, both those Surety has incurred and paid as of the date of this Complaint and those it will incur and pay in the future as a result of the City's demand and claim against Surety under the Performance Bond.  Principal and Indemnitors have materially breached the IA by failing and refusing, despite written demands, to deposit collateral security with Surety in the amount of $233,176.00, and Surety has incurred and will continue to incur expenses by reason of the failure of Principal and/or Indemnitors to perform or comply with the covenants and conditions of the IA and in enforcing the terms, covenants or conditions of the IA, for which Surety now sues.

24. Moreover, Surety is exposed to future loss and will continue to incur and pay additional expenses, including, without limitation, fees of attorneys and consultants, as a result of Surety having executed the Bonds on behalf of Principal.  The obligation of Principal and Indemnitors to exonerate, indemnify and hold harmless Surety from and against all such losses and expenses plus interest thereon continues until they have fully discharged their obligation to Surety

under the IA, including payment to Surety of all its expenses incurred in pursuit of this lawsuit, for which Surety now sues.

***Count III – Attorney's Fees, Interest and Costs***

25. Surety realleges Paragraphs 1 through 24 above as if set forth in full herein.

26. Surety presented its demands under the IA to Principal and Indemnitors in writing prior to filing suit, but no amount has been tendered to Surety. Thus, in addition to its right to recover attorney's fees and expenses under the IA in connection with this lawsuit, Surety is also entitled to recover reasonable attorney's fees and costs pursuant to Section 38.001 *et seq.* of the Texas Civil Practice & Remedies Code, for which Surety now sues.

27. Surety additionally sues Principal and Indemnitors for the maximum amount of prejudgment and post-judgment interest to which it is entitled under the IA, at law, by statute or in equity, and for court costs.

WHEREFORE, Plaintiff, Great American Insurance Company, respectfully requests that Defendants, LC Paving & Construction, LLC, Larry Lee Smith and Colbi Smith, be cited to appear and answer and, upon trial hereof, prays that judgment be entered against Principal and Indemnitors, jointly and severally, in favor of Surety: (i) in Count I, for specific performance of the collateral deposit provision compelling Principal and Indemnitors to deposit with Surety cash collateral in the amount of $233,176.00 and for preliminary and permanent injunctions regarding same, plus reasonable attorney's fees, costs and post-judgment interest, (ii) in Count II, the amount of expenses incurred and paid to date by Surety plus all future losses and expenses incurred and paid by Surety as a result of having executed the Bonds in this matter, plus reasonable attorney's fees, prejudgment interest, court costs, and post-judgment interest, (iii) in Count III, reasonable attorney's fees,

prejudgment interest, court costs and post-judgment interest, and (iv) for such other and further relief to which Surety may be justly entitled.

                     Respectfully submitted,

                     */s/ Robert M. Fitzgerald*
                     Robert M. Fitzgerald
                     State Bar No. 07088900
                     Law Offices of Robert M. Fitzgerald, PC
                     1219 FM 314
                     Van, Texas 75790
                     (903) 963-7550
                     (903) 963-7551 (Fax)
                     Email: rfitzgerald@rmflaw.net
                     *Attorneys for Plaintiff, Great American Insurance Company*